## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**REGINALD D. HODGES**,

     Plaintiff,

vs.                                           **Civil No. 10-384 MCA/WDS**

**CITY AND COUNTY OF DENVER; DSD;**
**DPD; DHMC; CDOC; CSAP; FBI; CBI;**
**PMH; APD,**

     Defendants.

## ORDER DENYING MOTION TO PROCEED IFP AND DISMISSING CASE
## and ORDERING PLAINTIFF TO SHOW CAUSE

**THIS MATTER** comes before the Court on pro se Plaintiff Reginald D. Hodges' *Motion to Proceed In Forma Pauperis* ("IFP"), filed April 21, 2010 [Doc. 2], and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

In screening the complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.   Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level.   In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).   The pleading standard of FED. R. CIV. P. 8 demands more than an unadorned "defendant-unlawfully-harmed-me" account.   *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

For screening purposes, the Court will accept as true Hodges' allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Hodges.   *See Kay*, 500 F.3d at 1217.   But the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded."   *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).   A "district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint."   *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

## I.   ALLEGATIONS IN THE COMPLAINT

The style of Hodges' Complaint, brought under 42 U.S.C. § 1983, lists the City and County of Denver, Colorado, and several Colorado county and state agencies as Defendants.   *See* Complaint at 1.   The bulk of the Complaint relates to perceived wrongdoings by Denver officials while, and after, Hodges was incarcerated in Denver.   He alleges that he was cruelly and "unusually punished . . . to insult [him] and [his] present and past life history" while incarcerated; that he saw prison officials doing bad things; that he had been filing prison grievances since 2003 because someone had been illegally "stalking, harrassing, and mental[ly] tormenting" him; that the FBI refused to believe him when he showed them "detector devices that are made to prove R.F. signal from implanted chips and devices;" that agencies destroyed some of his medical records from 2003 before

the end of a five-year period; and that unnamed individuals had "pulled shanghai type situation and started frantic frenzy stages to boggle me and investigator in the jail to not prove this correct." Complaint at 3-4.  Hodges attaches 29 pages of inmate grievance records from his Colorado incarcerations dating from 2005 to February, 2009.  *See id.* at 9-37.

Hodges also names "APD" as a Defendant, and there is one sentence in Hodges' Complaint regarding the Albuquerque Police Department.  Hodges states that, on an unidentified date and at an unidentified location, he was "illegally pulled over by" an unidentified "officer for no license plate, but I did have a temp tag on the vehicle."  Complaint at 2.  Hodges requests the following remedies: that "these persons of trust individuals and there [sic] followers be fired and charged and convicted of all charges.  I would also request that the ones who have abscond [sic] since 2003, be brought to justice. And I win a lump sum for all these acts committed against me."  Complaint at 6.

## II.    HODGES' PREVIOUS COMPLAINTS AGAINST THE SAME DEFENDANTS.

The Court takes judicial notice, *see United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"), that Hodges has twice unsuccessfully attempted to sue the City and County of Denver and the Denver Sheriff's Department.  In 2007, the Tenth Circuit Court of Appeals affirmed the third dismissal, under § 1915, of his complaints against the City and County of Denver on some of these same allegations made in his Complaint at bar because his "vague assertions do not satisfy the notice pleading requirements of the Federal Rules of Civil Procedure."  *Hodges v. City & County of Denver*, No. 07-1011, 240 Fed. Appx. 252 (10th Cir. May 25, 2007) (denying IFP on appeal and dismissing his appeal).  In the underlying district-court case, the Colorado district court had required

Hodges to amend his complaint, explaining its deficiencies, but Hodges still did not submit a viable complaint.  *See Hodges v. Denver Sheriff Dep't*, No. Civ. A 06cv01834 BNB, 2006 WL 2793146, *1 (D. Colo. Sept. 27, 2006) (ordering Hodges to amend his complaint regarding inmate grievances, explaining that he could not sue a sheriff's department under § 1983, and instructing him that he "also must name Defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named Defendant personally participated in the asserted claims.  He may not refer simply in the caption to a possible list of Defendants as he has done in the instant Complaint.").  The district court ultimately dismissed Hodges' amended complaint as "legally frivolous" under § 1915(e)(2)(B)(I) and entered judgment in favor of the Defendants.  *Hodges v. Denver Sheriff Dep't*, No. Civ. A 06cv01834 BNB, Doc. 10 (D. Colo. Oct. 26, 2006), *aff'd Hodges v. City & County of Denver*, No. 07-1011, 240 Fed. Appx. 252 (10th Cir. May 25, 2007).

 In an earlier case against the Denver Sheriff's Department, the district court dismissed Hodges' complaint and required amendment because he failed to state sufficient facts and because the Sheriff's Department is not a "person" under § 1983.  *See Hodges v. Denver Sheriff Dep't*, No. CIV A 06cv00270 BNB, 2006 WL 898125, *1 (D. Colo. March 31, 2006) (dismissing complaint regarding inmate grievances, ordering Hodges to file an amended complaint, and explaining that, to be viable, a § 1983 complaint must "name Defendants responsible for the alleged constitutional deprivations and demonstrate how each Defendant personally participated in the asserted claims;" that "[p]ersonal participation is an essential allegation in a civil rights action;" and that "[t]here must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise").   The Court also explained to Hodges that

4

municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. Mr. Hodges cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.

*Id.* (citations omitted). The Court takes judicial notice that Hodges has failed to pay the balance of the filing fees imposed in those cases. *See Hodges v. Denver Sheriff Dep't*, No. Civ. A 06cv01834 BNB, Doc. 27 (D. Colo. Feb. 1, 2008) (letter from district-court clerk to Tenth Circuit Court of Appeals stating that Hodges had failed to make his monthly filing-fee payments since February 2007).

### III.   ANALYSIS

#### A.   Hodges' claims against the Colorado Defendants must be dismissed.

This is Hodges' fourth attempt to state a claim against the City and County of Denver and its sheriff's pr other officers for alleged violations occurring while he was incarcerated. He admits in his Complaint at bar that he previously brought suit in federal court on these same facts and against these same defendants, but contends that "I have appealed and it was dismissed a few times by a corrupt judge and system. Which has help [sic] jeoparidize [sic] my life in that town and where ever these people have followed and watch [sic] me too." Complaint at 5. Although the Colorado district court's opinion dismissing Hodges' third amended complaint against the City and County of Denver and its officers did not specifically state that dismissal was with prejudice, when a court fails to state whether its dismissal is with or without prejudice, courts presume that the dismissal was with prejudice, and, therefore, on the merits. *See Franklin v. Kan. Dep't. of Corr.*,  No. 05-3166, 160 Fed. Appx. 730, 733, 2005 WL 3515716, *1 (10th Cir. Dec. 23, 2005) (stating, in case in which district court dismissed complaint for failure to state a claim under § 1915(e)(2)(B)(ii), that, "[a]s the district court's order does not state otherwise, we presume its dismissal was a dismissal with

prejudice, especially here where Franklin sought to amend his original complaint several times");

*Lowe v. Sockey*, No. 00-7109, 36 Fed. Appx. 353, 358, 2002 WL 491731, 4 (10th Cir. Apr. 2, 2002)

(noting, in case where court dismissed complaint as frivolous under § 1915(e)(2)(B)(i), that, "[a]s

the district court's dismissal of Mr. Lowe's Complaint does not state otherwise, we presume the

dismissal to be one with prejudice").  When a case has been dismissed with prejudice for failure to

state a claim and is affirmed on appeal, a subsequent suit by the same plaintiff against the same

defendants and involving the same claims or claims that could have been brought in that action is

barred by the doctrine of *res judicata*.  *See MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir.

2005) ( noting that "[t]he doctrine of *res judicata*, or claim preclusion, will prevent a party from

relitigating a legal claim that was or could have been the subject of a previously issued final

judgment," and that the doctrine "applies when three elements exist: (1) a final judgment on the

merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause

of action in both suits"); *Aziz v. Colo.*, No. 92-1017, 1992 WL 74263, *1 (10th Cir. Apr. 7, 1992)

(affirming second dismissal of complaint, under § 1915 and on the basis of *res judicata*, where the

plaintiff brought an action under § 1983 "against Colorado and Denver police officials a second

time" after the "district court dismissed his previous complaint for failure to state a claim," which

the Tenth Circuit had affirmed).  Because the Colorado district court has dismissed with prejudice

Hodges' suit against the same Defendants for failure to state a claim after Hodges had several

opportunities to amend, and that dismissal has been affirmed, Hodges is barred from continuing to

attempt to sue the Defendants regarding claims he has already attempted to bring.

   Further, even if the doctrine of *res judicata* did not apply, Hodges' claims against any

Colorado state agencies and officials are barred by the Eleventh Amendment.  *See Pennhurst State*

*Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-102 (1984) (explaining that the Eleventh Amendment

bars suits in federal court for damages against states, state agencies, and state officials in their official capacities unless the state unequivocally waives its immunity or Congress expressly abrogates the immunity by creating a statutory cause of action).

As to the Colorado Defendants that Hodges may not have sued previously, a district court may consider personal jurisdiction and venue *sua sponte* "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).  This Court does not have personal jurisdiction over any Colorado city or county entities or other entities for incidents occurring in Colorado.  The face of Hodges' Complaint establishes that the incidents giving rise to his suit against those Defendants occurred in Colorado, and there are no other factual allegations connecting the Colorado entities to New Mexico. As a matter of law, therefore, this Court does not have personal jurisdiction over the entities because it cannot reasonably be said that they "purposefully [availed themselves] of the privilege of conducting activities within [New Mexico]." *See id.* at 1220.  Thus, insofar as any of Hodges' claims may be unrelated to his previous suits, Hodges' claims against the Colorado entities must be dismissed and it would be futile to allow Hodges an opportunity to amend his Complaint.

**B.      Hodges has failed to state a claim against the FBI.**

Hodges' claims against the FBI because employees there did not believe him when he showed them "detector devices that are made to prove R.F. signal from implanted chips and devices," Complaint at 3, are delusional and fail to state a claim for relief.  They will, therefore, be dismissed with prejudice because allowing amendment of these claims would be futile.

**C.      Hodges has failed to state a claim against APD.**

Hodges cannot state a cognizable § 1983 claim against APD.  APD is not a suable entity under § 1983 because it lacks a legal identity separate from the City of Albuquerque.  *See Henry v.*

*Albuquerque Police Dep't.*, 49 Fed. Appx. 272, 274 n.1 (10th Cir. 2002) (unpublished decision) (citing *Ketchum v. Albuquerque Police Dep't*, 1992 WL 51481 *2 (10th Cir. 1992) (unpublished decision)).   The Court will not give Hodges an opportunity to amend his Complaint to sue the City of Albuquerque instead of APD, however, because, by contending only that an officer pulled him over because he admittedly had no license plate (but was able to show the officer that he had a valid temporary tag), Hodges has failed to allege sufficient facts to state a constitutional violation against the City.  The complaint against APD shall be dismissed with prejudice because amendment of his Complaint regarding this incident would be futile.

## IV.     FILING RESTRICTIONS.

 "The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994) (internal quotation marks and brackets omitted). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous claims." *Id.* (internal quotation marks omitted).  "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).  Thus, the Court may impose restrictions on a party's ability to file claims where it gives that party notice and an opportunity to respond, and provides clear guidance about what a plaintiff must do to obtain permission to file an action. *See id.* at 353-54.  When a party has engaged in an abusive pattern of litigation, it is appropriate for the court to enjoin that litigant from filing any claims without first seeking prior leave of the court. *See In re Winslow*, 17 F.3d at 316; *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

In spite of repeated instruction from the district courts and the Tenth Circuit, Hodges has brought frivolous suits and has repeated fatal errors and has, once again, sued entities that he has been told he may not sue.  He continues to make delusional and conclusory allegations despite having been instructed that he must specifically name the individual Defendants responsible for the alleged constitutional deprivations and demonstrate how each Defendant personally participated in the asserted claims.

Hodges shall show cause in writing, within 14 days of the filing of this Order, why filing restrictions should not be imposed because of his abusive behavior in continuing to file frivolous and repetitive suits.  *See Tripati*, 878 F.2d at 352.  If Hodges fails to respond, the Court will issue filing restrictions without further notice.

**NOW, THEREFORE, IT IS ORDERED** that Hodges' *Motion to Proceed IFP* [Doc. 2] is DENIED; and his claims for violation of § 1983 against the Colorado state, city, and county entities, the FBI, and APD are **DISMISSED** with prejudice; and his claims against any other Colorado entities that he has not previously sued are DISMISSED without prejudice;

**IT IS FURTHER ORDERED** that Hodges shall show cause in writing,  within 14 days of the filing of this Order, why filing restrictions should not be imposed.

**SO ORDERED** this 28th day of May, 2010, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge